_____

No. 96-1355
_____

United States of America,                    *
                                             *
          Appellee,                          *
                                             * Appeal from the United States
     v.                                      * District Court for the Western
                                             * District of Arkansas.
Randall L. Roller,                           *
                                             *        [UNPUBLISHED]
          Appellant.                         *


_____

               Submitted:  June 11, 1996

                   Filed:  July 25, 1996
_____

Before MAGILL and HENLEY, Circuit Judges, and DOTY,* District Judge.

_____


PER CURIAM.


     Randall Roller appeals his conviction for wire fraud, see 18 U.S.C.
§ 1343, contending that the district court[1] erred when it admitted a
partnership agreement signed by Roller into evidence.  Because the
agreement was relevant and its probative value was not outweighed by the
danger that it would confuse the jury, we affirm.


     Roller operated cattle ranches in Arkansas, Missouri, and


_____

     *THE HONORABLE DAVID S. DOTY, United States District
     Judge for the District of Minnesota, sitting by
     designation.

     [1]The Honorable H. Franklin Waters, Chief Judge, United
States District Court for the Western District of Arkansas.

Oklahoma.  To further his business, Roller formed a partnership with Gary Anderson on September 11, 1989.  The purpose of this partnership, named Sugar Creek Feeders (the Partnership), was to buy and sell cattle.

Pursuant to the partnership agreement (the Agreement), the Partnership established a $100,000 line of credit (LOC) at First National Bank in Rogers, Arkansas.  While both partners had authority to borrow money on the line of credit, paragraph 4 of the Agreement stated that "[a]ll draws [from the LOC] shall be done by mutual consent of Anderson and Roller . . . ."

On August 21, 1991, Roller wire transferred $59,737.50 from the LOC to his personal account at another bank.  He used this money to purchase cattle for a separate, personal business concern, R & R Cattle.  Roller never apprised Anderson of the wire transfer, and Anderson never gave his consent to the transfer, as required by the Agreement.

Anderson learned of the wire transfer in November 1991, when he received a quarterly bank statement for the LOC.  When Anderson asked Roller about the wire transfer, Roller responded that "we" had purchased cattle in August.  However, when Anderson requested that Roller produce the paperwork for the cattle purchase, to ensure that the cattle were purchased in the name of the Partnership, no paperwork was ever produced.  Anderson never received any money from the sale of the cattle, and he eventually reimbursed First National Bank for the $59,737.50 wire transfer.

On August 30, 1995, Roller was charged in a six-count indictment. Count I, pertinent to this appeal, alleged that Roller devised a scheme to fraudulently obtain money from the Partnership by means of a wire transfer of funds.  Roller was also charged with two counts of bankruptcy fraud and three counts of money laundering.

To help prove its case as to Count I, the government introduced at trial the Agreement, which set forth the circumstances under which money could be drawn from the LOC.  Roller objected to the admission of the Agreement, contending both that the Agreement was not relevant and that it would confuse the jury as to issues of civil liability versus criminal liability.  The district court overruled this objection.

The jury found Roller guilty of wire fraud and one count of bankruptcy fraud.  He was sentenced to twenty-one months in prison and three years of supervised release, and he was ordered to pay restitution of $37,532.12 and a special assessment of $100.

The only argument raised on appeal is that the district court erred in admitting the Agreement because admission of the Agreement confused the jury concerning civil versus criminal liability.  We review the admission of evidence under a deferential standard, and "absent a clear and prejudicial abuse of discretion, the district court's ruling will be affirmed."  United States v. Johnson, 28 F.3d 1487, 1498 (8th Cir. 1994), cert. denied, 115 S. Ct. 768 (1995).

Under Rule 401 of the Federal Rules of Evidence, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Counsel for appellant conceded at oral argument that the Agreement is relevant to the charge of wire fraud.

Relevant evidence may nonetheless be excluded, however, where its probative value "is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury . . . ."  Fed. R. Evid. 403.  Roller contends that the admission of the Agreement misled the jury, because the jury could conclude that Roller was guilty of the crime of wire fraud simply because he

breached the Agreement.  We disagree.

In its charge to the jury, the court included instructions on burden of proof and elements of the offense of wire fraud.  These instructions adequately assured that the jury would not confuse the issues of civil and criminal liability.  Thus, on the record as a whole, we find no error in admission of the Agreement into evidence.

Accordingly, the decision of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.